SLAWSON *v.* GRAND STREET, PROSPECT PARK & FLATBUSH RAILROAD CO.

(*Circuit Court, E. D. New York.* ———, 1880.)

1. RE-ISSUE No. 4,240, for an improvement in fare boxes, *held void* for want of invention.

2. INVENTION—COMBINATION—FARE BOX.—The mere addition of a window to a well-known style of street-car fare box, so arranged that a passenger by looking through it can see the fare deposited by him, does not constitute an invention within the meaning of the patent laws, where such box previously had a window so arranged that the driver could see the fare when deposited by the passenger.

   *Hailes* v. *Warmer*, 20 Wall. 354.

3. PATENT No. 121,190, for an improvement in fare boxes, *held void*, for want of invention.

4. INVENTION—COMBINATION—FARE BOX.—The combination of a street-car fare box with the head-lamp of a car and a reflector, in such a manner that the light from the lamp will be thrown into the fare box, does not constitute invention.

In Equity.

*George Gifford*, for plaintiff.

*P. S. Crooke*, for defendant.

BENEDICT, D. J. This is a suit in equity brought to recover damages by reason of an alleged infringement by the defendant of two certain patents owned by the plaintiff. One of these patents was issued to the plaintiff July 28, 1857, for an improvement in fare boxes. It was re-issued May 4, 1858, again re-issued January 24, 1871, and is now known as re-issue No. 4,240, extended for the term of seven years from the twenty-eighth day of July, 1871. The other patent sued on is also for an improvement in fare boxes, granted to Elijah C. Middleton, assignee of James F. Winchell, December 2, 1871, numbered 121,920, and on the seventeenth of April, 1873, assigned to the plaintiff. The defendant denies the infringement, and also disputes the validity of the patents sued on.

The questions raised in respect to the Slawson patent, No.

4,240, will be first considered. The patent contains two claims, in the following language:

"*First.* A fare box, composed of two compartments so combined that the fare, on being deposited through an opening in one of them by the passenger, without the intervention of the driver or conductor, shall be temporarily arrested therein for examination or inspection by the driver or conductor, through an opening therein covered by a transparent medium, and then, when approved of, transferred directly to the second or general receiving compartment, which, as well as the first, is made inaccessible, except by violence, to the driver or other unauthorized person, for the purpose set forth.

"*Second.* A fare box having two compartments, into one of which the fare is first deposited, and temporarily arrested, previously to its being deposited in the other, when the former is provided with openings covered or protected by transparent mediums or devices so arranged that the passenger can see through one, and the driver or conductor through the other, in the manner substantially as and for the purposes set forth."

Subsequent to the extension of this patent, and on September 6, 1877, the patentee filed a disclaimer in which he sets forth that through inadvertence, accident, or mistake the specification or claims of the said letters patent are too broad, including that of which the said patentee was not the first inventor, and thereupon he enters his disclaimer to that part of the claims in said specifications which constitutes the first of the claims above set forth. The effect of this disclaimer was to limit the invention to a fare box composed of two compartments, where the compartment into which the fare is first deposited is provided with two windows so arranged that the passengers can see through one, and the car driver through the other.

It will be observed that no claim is made to any particular device by which the fare when deposited is temporarily arrested before passing into the lower compartment, nor to any form of opening in the box, nor to any particular locality for

the windows, provided only they are so arranged that the passengers can see through one and the driver the other.

It must also be observed that the first claim described a fare box similar in all its respects to the fare box described in the second claim, with the single exception that it contained but one window, so arranged that the driver could see through it. And such a fare box the disclaimer asserts was known prior to the plaintiff's invention. It is apparent, therefore, that the only novelty in the plaintiff's invention, as it now stands described in his patent, consists in the additional window, so arranged that a passenger by looking through it can see the fare deposited by him. The question, therefore, at once arises, whether the addition of such a window to a known style of fare box, having a window arranged so that the driver can see the fare when deposited by the passenger, constitutes an invention within the meaning of the patent laws.

The view taken in behalf of the plaintiff is that the claim is for a combination consisting of certain old elements and one new element, namely, the additional window.

But no new result is accomplished by the introduction of the additional window in the fare box. The fare is deposited as before, and reaches its final destination in precisely the same way as before, without acceleration, detention, or deviation. The only distinction between the old and the new box is that in the old box the fare, in its passage from the passenger to the lower compartment of the box, passes by one window, while in the plaintiff's box it passes by two windows. This distinction does not constitute a difference in the result. The additional window, it is true, permits the transmission of light through a part of the box, where before it could not pass. But it accomplishes this result without aid from any other part of the machine, and in so doing it in no way modifies the operation of any of the other parts. There is, in fact, no joint operation, and the case is one of simple aggregation, not combination. Furthermore, all that the plaintiff did was to duplicate one of the features of the machine. Some convenience, doubtless, resulted from this duplication,

but the effect produced by the additional window was the same in kind as that produced by the existing window, and accomplished in the same way. There was no patentable matter in the discovery that it would be more convenient to have light transmitted through the box in another place, and I am unable to see that any invention was required to accomplish that result by adding another window.

In order to constitute a patentable combination, the result must be some effect different from the effect of the separate parts, and produced by the combined forces. A new result must arise from the reunion of the elements of the combination, and not simply from the separate action of each element. So the law has been declared in numerous cases, and no different rule is contended for in this case. The difficulty in this, as in most cases of this description, is not in regard to the rule of law, but in applying the rule with proper discrimination to the facts of the particular case. It is not, therefore, to be expected, in controversies of this character, that any prior adjudged case can be found so similar in its facts as to furnish a direct authority one way or the other.

But, in this instance, there is one prior adjudged case so very similar to the one in hand, that it may very well be said to compel the conclusion that this patent is void. I refer to the case of *Hailes* v. *Van Wormer*, 20 Wall. 354. That was the case of a base-burning stove having two chambers, in one of which the coal is first placed, and whence it descends to the other and is there consumed. One claim of the patent was for the construction of an "illuminating window" in one of the chambers, in combination with certain other designated parts of the stove. The "illuminated window" was an opening in the stove covered with mica. The other parts of the stove were already known in combination, and the court says: "It is impossible to regard the mere addition of such openings to a stove, containing the improvements described in the re-issued patent, as the formation of a new combination. It is not invention." In that case the rest of the stove was old, as here the rest of the fare box is conceded by the disclaimer to be old. In that case, as here, the additional element was

an opening covered by a transparent medium. In that case the object of the opening was to enable the coal which passed from the upper to the lower compartment of the stove to be seen through the opening. In this case the object of the opening is to enable the fares which pass from the upper to the lower compartment of the fare box to be seen through the opening. There such openings were a well-known device applied to stoves. Here a similar opening was employed for the same purpose, in the fare box admitted to be old. In this case, therefore, as in that, it must be said that it is impossible to regard the mere addition of such an opening to a fare box, conceded to be old, as the formation of a new patentable combination. It is not invention.

There remains to consider the second patent upon which the plaintiff relies in his bill. This patent was issued to Elijah C. Middleton, assignee of James F. Winchell, dated December 12, 1871, and is also a patent for an improvement in fare boxes. The specification states that "the improvement relates to the mode of illuminating the interior of a fare box in street railway cars or other vehicles when used during the night, and it consists in the construction of the fare box with suitable openings and reflectors, arranged and adapted to receive light from the ordinary head lamp placed above the fare box."

The claim is as follows: "What I claim and desire to secure by letters patent is lighting the interior of a fare box at night by light obtained from the head light of the car, thrown by the reflector, I, through an opening, H, in the head-lamp box, into the chamber, for the temporary detention of the fare for inspection, substantially in the manner and for the purpose set forth."

The contention on the part of the plaintiff is that this is a claim for a combination of certain old elements,—viz., (1,) a fare box with an opening at the top covered by glass or other transparent substance; (2) the head lamp of a car; (3) a reflector,—in such a manner that a part of the light from the head lamp shall be reflected upon the platform of the fare box. Assuming the claim to be for a combination,

the only novelty pretended consists in the arranging the fare
box, lamp, and reflector in such a manner that light from
the lamp will be thrown into the fare box.   No invention was
required to so arrange these parts.   It would not fail to be
accomplished by any person of ordinary intelligence and ex-
perience who should attempt it.

This patent, therefore, must be held to be void.   The result
is that the bill is dismissed, with costs.